### ST. LOUIS–SAN FRANCISCO RY. CO. v. READY et al.

(Circuit Court of Appeals, Fifth Circuit. October 28, 1926.)

No. 4751.

1. Railroads ⬅︎344(1)—Declaration alleging negligent operation of train colliding with automobile held not too general, under Alabama rule.

In action for death of plaintiff's intestate at railroad crossing, declaration alleging that crossing was put in and maintained by defendant railroad, and that its servants negligently ran engine and train of cars into decedent's automobile, *held* not demurrable, as too general, in view of Alabama rule that, where facts pleaded in declaration show duty and negligent failure to perform it, specification of particular acts of diligence required is not necessary.

2. Railroads ⬅︎312(7).

Automobile driver, using private crossing, *held* invitee, entitled to reasonable warning of approach of train, irrespective of whether many or few persons used crossing.

In Error to the District Court of the United States for the Northern District of Alabama; William I. Grubb, Judge.

Action by Eugene L. Ready and another, as administrators of the estate of W. B. Ready, deceased, against the St. Louis–San Francisco Railway Company. Judgment for plaintiffs, and defendant brings error. Affirmed.

J. H. Bankhead, Jr., of Jasper, Ala. (Bankhead & Bankhead, of Jasper, Ala., on the brief), for plaintiff in error.

Norman Gunn, of Jasper, Ala., for defendants in error.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. [1] This is an action to recover damages for the death of W. B. Ready, intestate of plaintiffs, at a railroad crossing. The declaration alleges that the crossing was put in and maintained by the defendant railroad company, and that its servants negligently ran its engine and train of cars into Ready's automobile. A demurrer was interposed on the ground that the declaration was too general, but it was overruled, and rightly so, we think, under the rule which prevails in Alabama that, where the facts pleaded in the declaration are sufficient to show a duty, and that defendant negligently failed to perform that duty, it is not necessary to specify the particular acts of dili-

gence that should have been employed. Talley v. Whitlock, 199 Ala. 28, 73 So. 976.

The evidence shows without conflict that the crossing, while not a public crossing, was established and kept up by defendant, and that the custom had long been observed of giving warnings of approach, by sounding the whistle and ringing the bell, as are required by statute to be given at public crossings, and that this particular crossing was on a curve, but was visible on the left (or fireman's) side of the engine at a sufficient distance to permit trains to be stopped after coming in sight and before reaching it. There was evidence for plaintiffs that, as Ready, the deceased, reached the crossing, his automobile skidded on the outer rail of the curve and headed toward the west, the same direction in which the train was also proceeding, and before he could extricate himself from this position he was killed by the approaching train.

The evidence fails to show that the crossing was frequently used, and because of that defendant requested charges to the effect that no duty rested on it to give warning, keep lookout, or take other precaution until it should appear that persons using the crossing were in peril. The District Judge refused to give the charge requested, and instead instructed the jury that defendant was bound to give such warnings and maintain such lookout as would be expected of ordinarily prudent persons in charge of trains. There was a verdict and judgment for plaintiffs.

[2] The sole question is whether defendant owed any duty to a person using the railroad crossing. Ready was not a trespasser or licensee, but an invitee. He had a right to be where he was, and it was the duty of the railroad company to give reasonable notice and warning of the approach of its train. Evidence of the frequency of use of a private crossing put in by others than the railroad company affected is material to show that such railroad company had notice and acquiesced in the use; but where, as here, a railroad company itself establishes the crossing, it has notice and knowledge of existing conditions, and is bound to use reasonable care to keep from injuring any persons, whether few or many, who may have occasion to use such crossing. Walker v. Alabama, etc., R. Co., 194 Ala. 360, 70 So. 125; Shearman & Redfield on Negligence, § 464.

The case was submitted to the jury under proper instructions, and the judgment is affirmed.